STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                        Docket No. 150-10-14 Vtec

| Wagner & Guay Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Stay (Motion 3)
Filer:          Mary Bourassa
Attorney:    David E. Bond
Filed Date:  January 5, 2015

Response in Opposition filed on 01/16/2015 by Attorney Robert F. O'Neill for Appellee Barbara Wagner

Replysponse filed on 02/02/2015 by Attorney David E. Bond for Appellant Mary Bourassa


**The motion is DENIED.**


        In the pending appeal William and Barbara Wagner and Christopher Guay (Applicants) seek to construct a single family home on lots 3 and 4 of a previously approved six-lot subdivision located on Dodge Terrace in the Town of Grand Isle, Vermont (the development). Appellant Mary Bourassa (Appellant) resides in a single family home located on lot 2 of the development. On October 1, 2014 the Town of Grand Isle Development Review Board (DRB) granted Applicants' zoning permit. On October 14, 2014 Appellant timely appealed the DRB's decision to this Court, filing a Statement of Questions consisting of 9 Questions. On December 8, 2014, Appellant filed a civil complaint in the Chittenden Unit of the Vermont Superior Court (docket number 1276-12-14 Cncv), seeking a declaratory judgment as to the interpretation of covenants and restrictions in the deeds for lots 2, 5, and 6, and raising claims of fraud and breach of contract against the Wagners relative to those covenants and restrictions.

        On December 22, 2014 Applicants filed a Motion to Dismiss Appellant's Questions 1, 3, 4, 6, 8, and 9. Appellant opposes the motion. We will address Applicants' motion to Dismiss in a separate decision. On January 5, 2015, Appellant filed a Motion to Stay the appeal before this Court pending resolution of the civil action.[1]

_____

[1] Based on this Court's reading of Appellant's motion, it is the appeal itself and not the permit she seeks to stay. (Appellant's Mot. to Stay at 2, filed Jan. 5, 2015) ("[I]t would be appropriate to stay proceedings in the Environmental Division pending a resolution of the action that is now pending in Civil Division."). We note that

A "stay in this context is a suspension of proceedings until a specified event occurs in another case" and "is in the nature of a continuance." In re Woodstock Community Trust and Housing Vermont PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (quotations omitted). A "party seeking a stay must make out a clear case of hardship or inequity in being required to go forward if there is a possibility that a stay will damage someone else." Id. (quotations omitted). Here, Appellant does not offer any compelling claim that staying this matter will cause her damages or hardship. Rather, she suggests that a decision in the civil action "would render the questions raised in this zoning appeal substantially moot," and that a stay would therefore serve to avoid costs and the expenditure of resources. (Appellant's Mot. to Stay at 2, filed Jan. 5, 2015).

Although Appellant contends that disposition of her civil action will render this appeal moot, Appellant's civil action against the Wagners is grounded in property and tort law which are beyond our jurisdiction in this appeal. The issues before the Court in this de novo appeal are those preserved by Appellant's Statement of Questions and relate solely to whether Applicants' are entitled to a zoning permit.

Fairness and efficiency require that an applicant have some discretion in how it proceeds through the permitting process; neither the Court nor permit opponents should prevent this process from moving forward unless appropriate to avoid unnecessary cost or delay. Applicants oppose Appellant's motion and express a strong interest in having this appeal resolved expeditiously. Staying this appeal would further delay the permitting process with little savings in cost or delay.

We therefore decline to stay this appeal on the chance that resolution of Appellant's civil action may have some effect on the zoning permit application. Therefore, Appellant's motion to stay the appeal in docket number 150-10-14 is **DENIED**.

So ordered.

Electronically signed on March 27, 2015 at 11:16 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
David E. Bond (ERN 3647), Attorney for Appellant Mary Bourassa
Robert F. O'Neill (ERN 2991), Attorney for Appellee William Wagner
Robert F. O'Neill (ERN 2991), Attorney for Appellee Barbara Wagner

---

Applicants' permit was automatically stayed by Appellant's appeal pursuant to § 2.9.1 of the Town of Grand Isle Bylaws and Subdivision Regulations, and may not take effect until final disposition by this Court.

Matthew S. Stern (ERN 5743), Attorney for party 3 Co-counsel for Appellees William and Barbara Wagner
Amanda Lafferty (ERN 5113), Attorney for Interested Person Town of Grand Isle
Appellee Christopher Guay
Interested Person Michael Bleau